**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDO AVILES-PEREZ,

       Petitioner-Appellant,

v.

ROBERT LEGRAND, Warden and
NEVADA ATTORNEY GENERAL,

       Respondents-Appellees.

No.   15-16852

D.C. No.
3:13-cv-00173-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 21, 2016[**]
San Francisco, California

Before:  BEA and IKUTA, Circuit Judges, and RESTANI,[***] Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Alejando Aviles-Perez appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we review denial of the writ de novo. *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). We affirm.

The Nevada Supreme Court reasonably determined that the state trial court's *Batson* ruling constituted a finding of fact that the state did not use its peremptory strikes in a racially motivated manner, and that determination is entitled to a presumption of correctness. *See Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004). A review of the voir dire record, including a comparative juror analysis conducted here in the first instance, confirms that the Supreme Court of Nevada did not make an objectively unreasonable determination of the facts in upholding the state trial court's conclusion. *See* 28 U.S.C. § 2254(d)(2); *see also Sifuentes v. Brazelton*, 825 F.3d 506, 517–18 (9th Cir. 2016). The state's proffered justifications for the four peremptory strikes challenged here have support in the record and are neither implausible nor fantastic. *See Sifuentes*, 825 F.3d at 521–22. Nor are the state's justifications applicable to any juror allowed to serve: Juror #109 was the victim of the crime that led to the incarceration, and therefore is unlike stricken Jurors #126 and #124; and Juror #112 was not as close to the

person she knew who was accused of child abuse as stricken Juror #195, and did not state that she believed the accused.

Because the state trial court's *Batson* ruling was supported by the record, the Nevada Supreme Court could have reasonably determined that there was no reasonable probability of a different outcome had Aviles's trial counsel offered further *Batson* argument. *Id.* at 516; *Cheney*, 614 F.3d at 997. Therefore, the state court did not unreasonably apply clearly established federal law in determining that Aviles was not prejudiced by his counsel's failure to offer additional arguments in favor of Aviles's *Batson* objection. *See* 28 U.S.C. § 2254(d)(1); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Nevada Supreme Court did not unreasonably apply clearly established federal law in determining that no constitutional error occurred through the trial court's admission of out-of-court statements that the accuser's deceased mother made to the accuser. *See* 28 U.S.C. § 2254(d)(1). At the time of the court's decision, it was an open question "whether and when statements made to someone other than law enforcement personnel are 'testimonial.'" *Michigan v. Bryant*, 562 U.S. 344, 357 n.3 (2011). Moreover, the state court could reasonably have concluded that the statements were "not procured with a primary purpose of creating an out-of-court substitute for trial testimony." *Id.* at 358.

**AFFIRMED.**